DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALBA MORALES,**
Appellant,

v.

**NAJEEB IQBAL, AS TRUSTEE OF GRANTOR TRUST #660 U/A/D 07/07/2017,**
Appellee.

No. 4D22-1852

[June 14, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. CACE20013767.

Carlos A. Ziegenhirt of Carlos A. Ziegenhirt, P.A., Miami, for appellant.

Matthew M. Slowik of Matthew M. Slowik, P.A., Coral Springs, for appellee.

PER CURIAM.

Alba Morales appeals the trial court's final summary judgment in favor of Najeeb Iqbal as Trustee of Grantor Trust # 660 U/A/D 07/07/2017. We affirm. However, because the record reflects the real property that was the subject of the action for specific performance was conveyed to a third party, this cause "is remanded to the trial court for a determination as to whether a decree of specific performance can be rendered in light of such conveyance." *Nat'l Indus. Bank of Miami v. Forbes*, 270 So. 2d 426, 426–27 (Fla. 4th DCA 1972). If the trial court finds specific performance impossible, it should then conduct an evidentiary hearing on whether an award of damages under appellee's other claims is appropriate. *See id.* at 427 ("Should the trial court find that it is impossible to grant the equitable relief requested then in that event the trial court shall be authorized to conduct an evidentiary hearing for the purpose of ascertaining and awarding damages incidental to the main relief sought."); *Camp v. Parks*, 314 So. 2d 611, 616 (Fla. 4th DCA 1975) (finding specific performance was impossible, so the order was "reversed and the cause remanded with

respectful instructions to allow plaintiff to seek money damages for breach of contract").

*Affirmed and remanded with instructions.*

KLINGENSMITH, C.J., GROSS and CIKLIN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***